STATE of Missouri, Respondent,

v.

Robert TURNER, Appellant.

No. WD 33495.

Missouri Court of Appeals,
Western District.

Feb. 1, 1983.

---

Nancy B. Reddoch, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Defendant inflicted 32 knife wounds in an attack upon his mother, causing her death. The attack took place in a parking lot at a community mental health center in Kansas City. It was seen through a window by a psychologist who was waiting to confer with them by appointment. After the attack the defendant drove off in his mother's car leaving her lying on the pavement.

Charged with second-degree murder and tried to a jury, defendant was found not guilty by reason of mental disease or defect excluding responsibility, § 552.030, RSMo (Supp.1982).

Defendant appeals the ensuing judgment by which he was committed to the Division of Mental Health, § 552.040, RSMo (Supp. 1982).

Defendant's point on appeal is that the court erred in overruling his motions for acquittal made at the close of the state's case and at the close of all the evidence, in that the state "failed to make a prima facie case of murder in the second degree in that the state failed to prove that appellant acted willfully, with premeditation and malice aforethought in causing the death of Dorothy Turner." A reading of defendant's argument in his brief shows that it is his position that the evidence, including the testimony of the state's eyewitness psychologist, conclusively showed defendant's mental disease or defect excluding responsibility, so that defendant could not form the criminal intent necessary to make his act of killing his mother a criminal act. Hence, he says, there was no prima facie case to be submitted to the jury, and an acquittal ought to have been directed.

Sec. 552.030.7, RSMo (Supp.1982), completely answers defendant's argument. That subsection says:

All persons are presumed to be free of mental disease or defect excluding responsibility for their conduct... The issue of whether any person had a mental disease or defect excluding responsibility for his conduct is one for the jury to decide upon the introduction of substantial evidence of lack of such responsibility. But in the absence of such evidence the presumption shall be conclusive. Upon the introduction of substantial evidence of lack of such responsibility, the presumption shall not disappear and shall alone be sufficient to take that issue to the jury.

The court could not direct a verdict of acquittal on the ground of mental disease or defect. No matter what the evidence, the presumption of sanity was sufficient to make an issue for the jury.

The judgment is affirmed.

All concur.